Stephenson, J.
This is an action brought by Edward A. Mechling to quiet title to in-lot No. 25 in the town of Russellville, Brown county, Ohio, and two tracts of farm lands situate in said county, consisting of about 166 acres.
It appears from the evidence in this case than on December 8, 1903, Thomas Rishforth was owner of the real estate in controversy; that on said date he made and executed his last will and testament; that on March 10, 1904, he died and on March 16, 1904, his will was admitted to probate and record in Brown county, Ohio; that said will was not contested and is in full force and effect.
By the terms of said will, the real estate in question herein was devised to Sarah Rishforth, wife, for life and at her death to Noble Rishforth and Royal Rishforth, and their heirs.
The will further provided that should any of said real estate be sold for taxes after the death of Sarah Rishforth, the whole interest devised should go to the probate judge of Brown county, Ohio, in trust for the use and benefit of Ash Ridge Cemetery.
Said will further provided that should Noble Rishforth or Royal Rishforth sell any part of said lands until twenty years after the death of Sarah Rishforth, they should forfeit their estate.
About August, 1910, F. O. Campe, an attorney at law, and others were conducting a business at Room 422-24 Ashland Block, Chicago, Ill., known as “'The Probate Investment Co.,” which concern dealt in estates of expectant heirs and revisioners and advertised such business in the Chicago papers. Emma B. Rishforth, mother of Nohle and Royal Rishforth, at that time living in Denver, Colorado, saw the advertisement of the Probate Investment Co. in one of the papers, and in company of Noble Rishforth went to Chicago and made application to F. O. Campe for a loan upon the interest of himself and brother in the real estate in question and such negotiations were had that on the 22d day of September, 1910, a contract was entered into and *280 an ostensible loan of $2,000 was made by Adam Buettger to Noble Rishforth and Royal Rishforth, which loan was secured by mortgage on the realty described in the petition herein.
This contract is in writing and in evidence in this suit, and by its terms F. O. Campe was to prosecute a suit in equity in the courts of Brown county, Ohio, to construe the will of Thomas Rishforth, deceased, presumably to get an adjudication of a court of competent jurisdiction declaring the restrictions against alienation contained in said will to be void, and the difference between the amount received by the Rishfortlis and the amount to be loaned by Buettger would represent the amount to be received by Campe for prosecuting such suit and paying the expense thereof.
The contract further provided that Noble Rishforth and Royal Rishforth should deed Campe the undivided one-third share of said real estate, and that in the event it became necessary for Buettger to foreclose his mortgage he should first exhaust-the one-third interest deeded to Campe.
It was further provided that in order to present the question involved in the construction of the will of Thomas Rishforth, deceased, the grandsons and devisees would convey one to the other; that not later than six months after the death of Sarah Rishforth, life tenant, said lands would be sold at a price to be agreed upon by said parties, at which time the mortgage debt to Buettger became due and payable.
On September 12, 1917, Royal Rishforth made a deed for his interest in said real estate to Noble Rishforth and this deed was recorded March 30, 1917. .‘This deed was retained 'by Emma B. Rishforth or the sons.
On September 22, 1910,- the date of the contract hereinbefore referred to, Royal W. Rishforth, in compliance with the terms of said contract, executed another deed for his interest in said real estate to his brother, Noble Rishforth; this deed was retained by Campe.
On the same date Royal Rishforth and Noble Rishforth made affidavits that they had not sold, assigned or encumbered their interests in the real estate in question.
On June 13, 1910, a deed was executed by Royal and Noble Rishforth to their mother, Emma B. Rishforth, for an undi *281 vided one-third of said real estate, which deed was not recorded until March 30, 1917.
Royal Rishforth and Noble Rishforth, desiring to dispose of their remaining interests in said lands, had further negotiations through Campe and disposed of their then remaining interests in said real estate to Meehling for $700 and executed their deed to Meehling on November 3, 1913, and at the same time Royal Rishforth and Noble Rishforth assigned all their interests under the contract of September 22, 1910, to Meehling and they then made further affidavits that they had not encumbered their interests in said real estate, except by the $2,000 mortgage to Buettger.
On April 7, 1916, Royal Rishforth executed another deed to Meehling for his interest in said real estate.
All the deeds from Royal and Noble Rishforth to Campe and Meehling and the mortgage to Buettger were recorded prior to the recording of the deed from Royal to Noble Rishforth and prior to the recording of the deed from Royal and Noble Rishforth to Emma B. Rishforth.
On March 11, 1916, Edward A. Meehling filed suit to quiet title to the real estate in question in the Court of Common Pleas of Brown County, Ohio, against August Buettger, Noble W. Rishforth, Royal Rishforth' Jackson township, Brown county, Ohio; Adam Snyder, Lafe Wade and J. L. Watson, trustees of said township; Harry E. Parker and Harry E. Parker, as probate judge of Brown county, Ohio, and Mason Neal.
Gabriel Sullivan, upon application, was made party defendant to this suit and filed his answer and cross-petition on the-day of February, 1916.
Emma Rishforth, upon application, was made party-defendant and filed her answer and cross-petition December 12, 1917.
F. O. Campe, upon application, is made a party defendant and with Meehling files an answer to the cross-petition of Noble Rishforth February 5, 1917.
All parties to the suit have pleaded to the petition, save only Mason Neal.
On March 17, 1916, Noble Rishforth and Royal Rishforth filed their answer and cross-petition in which they admit the deéd from themselves to plaintiff, but say that the only consideration *282 was $700 and that it was totally inadequate; that the deed was obtained by artifice and false and fraudulent misrepresentations of plaintiff and his agents to the effect that the property was run down and that $700 was an adequate consideration. They say they were residents of Denver, Colorado, and F. O. Campe, agent of plaintiff, followed them there under guise of friendship and by switching papers and by reliance on false and fraudulent misrepresentations, they did execute and deliver said deed; that Buettger, Mechling and Campe conspired to procure said deed and swindle them out of their land; that they stand ready to put plaintiff in statu quo; that Buettger be required to answer setting forth his claim; that the court construe the will of Thomas Rishforth, deceased, with reference to the rights of all parties named therein; that said deed be set aside and held for naught; that plaintiff be enjoined from disposing of the real estate; that a receiver be appointed for said real estate, and for all, proper relief.
This answer and cross-petition was verified by Emma B. Rishforth, mother of said answering defendants, who says she is their duly authorized representative for such purpose and conversant with all the facts.
On March 27, 1916, they file an amendment to their pleading, and say they have been damaged by reason of having to litigate this suit and will be further damaged and ask the court to make a finding as to the amount thereof and reduce any amount that may be found due plaintiff to that extent. This amendment is likewise verified by Emma B. Rishforth.
On April 11, 1916, plaintiff Mechling filed his reply to the answer and his answer to the cross-petition of Royal and Noble Rishforth and admits that their admissions are true; that his residence and business is in Chicago, 111.; that he has agents and attorneys in his employ; that Royal and Noble Rishforth at the time of executing the deed in question lived in Denver, Colorado; that the land in question is valuable farm land and he denies all else and prays as in his petition.
On July 14, 1916, Gabriel Sullivan files his answer and cross-petition and says in effect that on the- day of February, 1916, he bought the lot in Russellville, Ohio, and paid plaintiff $100 on the purchase price and took possession of the property and asks the court to protect his interests.
*283 On July 14, 1916, Royal Rishfortb files a separate answer disclaiming all interest in tbe real estate in controversy and asks to be dismissed with bis costs. ’This pleading is verified by Royal W. Risbforth.
On December 12, 1916, Emma B. Risbforth filed her answer and cross-petition, denying that plaintiff has any valid title to tbe real estate in controversy, and by way of cross-petition says she has legal title to and is seized in fee of tbe undivided one-tbird part of said real estate; that Royal Risbforth and Noble Risbforth conveyed it to her by deed on July 5, 1910'; that Royal and Noble Risbforth are tenants in common with her in said lands unless plaintiff’s deed is valid, and she prays an accounting of rents and profits, for a receiver and partition.
On January 10, 1917, plaintiff files bis answer to tbe cross-petition of Emma B. Risbforth denying her title to any part of tbe real estate. He denies tbe alleged deed from her sons, Royal and Noble, to her; that if there was such a deed made it was without consideration and that it never was recorded; that bis deed was delivered November 3, 1913, and that be bad no knowledge of her deed and asks that her cross-petition be dismissed.
On January 24, 1917, Noble Risbforth files bis separate amended answer and says be denies plaintiff owns said real estate but avers that be owns two-thirds of it and bis mother, Emma B. Risbforth, owns tbe other one-tbird and be describes tbe source of bis own title. He says Sarah Risbforth, widow of Thomas Risbforth, deceased, died on February 6, 1916; that in September, 1910, plaintiff Frank O. Campe and Martin C. Koebel were practicing law at Room 420, Ashland Block, Chicago, Ill., under name of Campe, Koebel & Mecbling and also under tbe name of Campe’s Agency, and their business was that of purchasing claims and interests of expectant heirs, reversioners, etc., and in loaning money to such parties on tbe security of their interests, and so advertised themselves in tbe daily papers of said city; that Royal Rishforth was then 27 years old and Noble Risbforth was 23 years old and neither had knowledge of real estate values; that they saw Campe’s advertisement and applied to him for a loan of $1,000, payment to be secured by mortgage on tbe realty in question; that Campe went to Brown county, Ohio, examined said lands and ascertained tbe value *284 thereof and on September 22, 1910, they entered into the contract hereinbefore referred to; that under said arrangement he and his brother received $1,000 and no more. That on September 12, 1910, Boyal Bishforth conveyed to him, Noble Bishforth, all his interest in said real estate and he became sole owner of all of it.
In August, 1913, Campe again viewed said real estate and bid in writing $500 for it, later increasing the bid to $700; which proposition was accepted by Boyal Bishforth for himself and this defendant, and on November 3, 1913, the purported deed of himself and brother to plaintiff, Mechling, was executed and said sum of $700 was paid by Campe to them and at the same time Campe procured an assignment of their interests under said contract to Mechling. That at all times Campe and Mechling were acting as their attorneys and that defendant had utmost confidence in them and believed their statements that they were paying all their interests in said lands were worth. That the total sum of money received by them from Campe was $1,000 on September 22, 1910, and $700 on November 3, 1913. 'That this defendant is willing to repay said sum of $1,700 with interest and that the same may be made a lien on said lands, and he prays that Campe be made a party defendant; that the deed to Mechling be set aside; that Campe be declared a trustee of said real estate for him; that the court take an account for rents and profits; that partition be made and for all proper relief.
On February 5, 1917, Edward A. Mechling and Frank O. Campe filed their joint answer to the cross-petition of Noble Bishforth, and say they deny Mechling, Campe and Koebel were engaged in practicing law in September, 1910, or that they conducted Campe’s Agency or were engaged in trafficking in prospective interests or that they so advertised in the papers oY Chicago. They say that in September, 1910, Emma B. Bishforth applied to them for a loan of $1,500 on her son’s interest-in the real estate in question; that Campe went to Brown county, Ohio; that they entered into the contract of September 22, 1910; they deny that the mortgage belongs to Campe, but say it belongs to Buettger; they deny that only $1,000 was advanced to the Bishforths; they know nothing of the deed from Boyal Bishforth to Noble Bishforth, dated September 12, 1910; they admit that *285 in November, 1913, Royal and Noble Rishforth made a deed to Mechling for the real estate in question and that Campe obtained their assignment of their interest under the contract of September 22, 1910; they deny that Mechling was employed as an attorney to Campe and Buettger; they deny all misrepresentations; they say $1,500 was paid Rishforths instead of $1,000; that the consideration they gave for said lands at the time was fair.
On April 5, 1917, Emma B. Rishforth filed her reply to the answer of Campe and Mechling to her cross-petition, and says that the deed from Royal and Noble Rishforth to her was for consideration but so far as plaintiff is concerned it makes no difference. She admits said deed hasn’t been recorded but that same was exhibited to the agent of plaintiff who read same and suggested that it be not recorded. And these are all the pleadings filed in the case that the court deems necessary to set out in this finding in determining the issues in this ease.
It is not worth while to advert to the issue in this matter as between any of the parties and the township trustees and Harry E. Parker, as probate judge of Brown county, Ohio, as it is conceded that the restrictions against alienation in the will of Thomas Rishforth, deceased, are void and that Royal Rishforth and Noble Rishforth took a fee simple estate under said will.
Mason Neal does not answer or demur and the parties entitled may have a decree quieting their title as against him.
Gabriel Sullivan is out of place in this suit. Beside the facts pleaded by him do not warrant the court in granting him relief, legal or equitable, and his cross-petition will be dismissed.
The real issue is between Mechling, Buettger and Campe on the one side and Emma B. Rishforth and Noble Rishforth on the other.
Royal Rishforth disclaims and is dismissed with his costs.
The court does not agree with counsel for the Rishforths that the contract of September 22, 1910, should be set aside or that the mortgage to Buettger of the same date should be set aside.
'This was simply a loan. True, the Rishforths only received $1,000 in cash, but for the other $1,000 Campe was to construe the will of Thomas Rishforth, deceased, in the courts of Brown county, Ohio, and pay the costs and expenses; but it is claimed by counsel that such suit was unnecessary as the will construed itself.
*286 The court does not think the provisions of the will of Thomas Rishforth, deceased, really needed a construction, but these contracting parties concluded it did and Emma B. Rishforth in at least two of her pleadings asks a construction of said will; and as she is the real defendant hr the case and was to a certain extent managing the business of thé boys on and prior to September 22, 1910, she must have then concluded that said will should be construed, and she has not as yet changed her mind.
It may be insisted that Royal Rishforth and .Noble Rishforth or either of them have any right under said contract, as they assigned all rights when they assigned said contract to Meehling.
This is not so. ’The right to have Campe have the will of Thomas Rishforth, deceased, construed and to pay the costs and expenses of such suit remained with them, notwithstanding such assignment.
It is a well settled principle of law that if the rights arising out of a contract axe coupled with a liability thereunder, they can’t be assigned. 4 Cye., p. 22, and cases cited.
The real question that now confronts the court is, whether or not the deed from Royal and Noble Rishforth to Meehling of date of November 3, 1913, should be set aside?
It should not, so far as Royal Rishforth is concerned. He is still satisfied and a chancellor will not force equitable relief upon one not asking for it.
Royal Rishforth’s deed will not be set aside. Should Noble’s deed of same date be set aside?
Counsel for Meehling, Buettger and Campe admit that there is an umbilical cord between them that makes them one so far as this ease is concerned.
The acts of Campe in and concerning this entire transaction are the acts of Meehling and Buettger.
'The relation of attorney and client began when the contract of September 22, 1910, was entered into and has at all times since existed and will continue to exist until Campe has the will of Thomas Rishforth, deceased, construed.
Was the consideration of $2,700 for this farm and town lot inadequate, and did Campe know it ?
It must be borne in mind that at all times Noble Rishforth evidently did not know that he had more than an uncertain in *287 terest in the real estate in question, notwithstanding he had an absolute fee simple title to the undivided one-half of it. He had an uncertain interest; he needed money and he was willing to dispose of his interest for the best bargain he could drive upon that basis. In other words, he was in a condition to be imposed upon.
It will be borne in mind that the court is not charging Noble Rishforth with the business acumen of his mother or with her knowledge of the value of the lands in question. He was acting sui juris in these matters. There is no showing that he knew the value of this real estate.
The relation of attorney and client existed between him and Campe when the deed was executed, and it was not for Noble Rishforth to show that the price he obtained for his interest in said real estate was inadequate, but it was for Campe to show that it was adequate. It was up to Campe to show utmost good faith and make full disclosure. As the court views it, he did neither.
Campe as a lawyer knew that the tax valuation was not the real market value of the real estate. He knew that the price that was being paid was inadequate.
The deed from Noble Rishforth to Meehling be'aring date of November 3, 1913, will be set aside but the mortgage lien of August Buettger to the extent of $1,000 with interest as provided for in said note will be preserved in the undivided half of said lands belonging to Noble Rishforth and a lien is reserved against same for $350 with interest from the 3d day of November, 1913, in favor of Edward A. Meehling.
The undivided one-half conveyed by Royal Rishforth to Mechling is charged with $1,000 and interest, and $350 in the manner as Noble Rishforth’s share is charged.
When Noble Rishforth, within sixty days of the entry of this decree, tenders said $1,000 with interest as aforesaid to August Buettger, said August Buettger shall release said mortgage of record as to Noble Rishforth’s undivided one-half of said real estate, and if after such tender he shall fail for ten days to release said mortgage, this decree shall operate as such release.
When Noble Rishforth, within sixty days of the entry of this decree tenders $350 with interest as aforesaid to Edward A. *288 Mechling, said Edward A. Mechling shall forthwith deliver to him a good and sufficient deed for the undivided one-half of said real estate, and if after such tender he shall fail for ten days to execute and deliver such conveyance then this decree shall operate as such conveyance.
Should Noble Rishforth fail to make such tenders within sixty days of the entry of this decree, then the court declares said sums with interest to be and remain a lien against said share of Noble Rishforth.
The court finds that Emma B. Rishforth has no title to any part of this real estate superior to the mortgage of Buettger or the deed to Mechling, but does find that she is the owner of one-third of the one-half of said real estate belonging under this decree to Noble Rishforth, subject to the aforesaid lien of Buettger for $1,000 with interest and the lien of Mechling for $350 with interest as aforesaid; that Noble Rishforth’s share in said lands is charged with two thirds of said respective sums and Emma B. Rishforth’s share with one-third.
The court finds that Edward A. Mechling is the owner in fee simple of the undivided one-half of said real estate; that Noble Rishforth is the owner of the undivided two-sixths of said real estate, subject to the liens aforesaid, and that Emma B. Rishforth is the owner of one-sixth of said real estate subject to the liens aforesaid; that the title of each, after compliance with this decree, will be quieted as against all parties to this suit.
After the release of said mortgage and delivery of said deed as above decreed or in the event of the failure of either, then immediately subsequent to ten days thereafter, partition of said premises will be ordered and the cost of this entire proceeding, together with the costs in partition, including the statutory attorney fee allowed under the rule of the Court of Common Pleas of Brown County, Ohio, to the attorneys of Emma B. Rishforth as allowed in partition, shall be paid out of the share of said real estate belonging to Edward A. Mechling.
Campe is primarily responsible for this cost, but as Campe and Mechling are one, Mechling’s share must bear the burden.
Accounting for rents and profits may be had in accordance with this decree.